*222 OPINION.
Arundell:
The oil leases involved in this proceeding were obtained in the latter part of 1920 and the early part of 1921, in the name of the Yernon Oil Refining Company, but they were so obtained for and on behalf of the petitioner. That procedure was necessary for business reasons and the Yernon Oil Refining Company never claimed any interest in the leases except to hold them in trust for petitioner until assigned to the latter. The petitioner paid the cost of obtaining the leases and carried on all drilling operations which resulted in the discovery of oil on November 20, 1921, on the Booth Lease. It was at all times then material the equitable owner of the property, and the delay in conveying the bare legal title until after the discovery is not important. Cf. Carrie E. Molter, 19 B. T. A. 911.
The only remaining issue is whether the petitioner is entitled to a depletion allowance based upon the fair market value of the property at the date of discovery of oil on November 20, 1921, as provided by section 234(a) (9) of the Revenue Act of 1921 and sections 234(a) (8) and 204(c) of the Revenue Act of 1924. The facts of record clearly establish that the petitioner, by its own drilling operations, discovered oil on its Booth Lease on November 20, 1921, and that the well was not acquired as the result of the purchase of a proven tract or lease. When the leases in question were obtained from the owners of the land, oil had not been discovered within 10 miles thereof.
We have already pointed out in our findings that the failure of the well to continue to flow after the third day was due solely to the presence of certain mechanical defects in the equipment and that with the coming in of the well a valuable discovery had been made. Our real problem is to determine its value in dollars.
The record contains the uncontradicted testimony of several experts who have been engaged in the oil business for years, and, in particular, the testimony of a mining engineer and geologist who had been employed by the Federal Government as a valuation engineer, examining and appraising mineral and oil lands in California for a period of 10 years, and who has been continuously engaged in private practice in his profession since 1921. This witness was not only the best qualified of the several who testified, but he also exercised greater care and gave more attention to recognized valuation factors in reaching his valuation than did the others. The discovery value he arrived at, namely, $859,474.30, impresses us, after consideration of all the evidence, as being the most nearly correct figure. *223 We have accordingly found as a fact that that sum represents discovery value. The value so found is clearly disproportionate to cost and depletion should be based on it.
The parties agreed and stipulated that all of the statements and data contained in “ Form 0 ” filed with petitioner’s return for 1923 are true and correct except as to the dates of acquisition of the leases, the amount of the fair market value of the property on November 20, 1921, and the estimated recoverable oil reserves. Petitioner has proved those three items to be true and correct as set forth in the said “ Form 0 ” and therefore the amount of depletion as computed by petitioner and deducted on its return for 1923 in the sum of $166,459.09 is the amount to which it is entitled as a deduction.
The “ Form 0 ” filed with petitioner’s return for 1924 refers to. “ Form 0 ” filed with the 1923 return and is based thereon. The deduction for depletion in the amount of $193,394.34, taken by petitioner on its 1924 return is the amount to which it is entitled as a deduction.

Judgment will be entered for the petitioner.